UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRILEY W. PIPER,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PENITENTIARY;<br><br>Defendant. | 5:19-MC-00043-RAL<br><br>ORDER ON PENDING MOTIONS |

In this miscellaneous file, Briley Wayne Piper (Piper) filed a Motion for Appointment of Federal Habeas Corpus Counsel and Leave to Proceed in Forma Pauperis on December 27, 2019, naming Warden Darin Young (Warden). Doc. 1. Piper is on death row because of a conviction and sentence in state court. As no complaint or habeas petition had been filed at the time, the Clerk of Court opened this miscellaneous file and assigned it to the Honorable Jeffrey L. Viken. Judge Viken entered an order appointing counsel, Doc. 3; an order setting a briefing schedule on the first motion filed in this case, Doc. 7; and a "text order restricting documents 6, 7, 8, 9, 10, 11, 12 [and] 13 to case participants," Doc. 14. The last such order was entered on July 13, 2020.

Piper on December 8, 2020, filed a petition under 28 U.S.C. § 2254, prompting the Clerk of Court to open a new case at 20-CV-5074, and to assign the case to Judge Viken. On March 28, 2022, Piper v. Young, 20-CV-5074, was reassigned to the undersigned judge. This Court then filed an Order for Status Conference to Discuss Scheduling Order and dealt with what the Court thought as the only pending motions. Both parties filed separate notices alerting this Court to the

existence of 19-MC-00043 and pending motions and issues framed. The undersigned last Friday, April 1, 2022, received assignment of 19-MC-00043. On April 6, 2022, this Court conducted a status and motion hearing addressing issues in both 19-MC-00043 and 20-CV-5074. This Court heard argument and explained how and why it is ruling on certain motions. This order is to formalize those rulings on motions in 19-MC-00043 and to close out that miscellaneous file.

For the reasons explained during the hearing and elaborated upon to a small extent herein, it is

ORDERED that the Warden's Motion for Protective Order, Doc. 6, is denied as there was nothing untoward about the letter request for jail records on Piper as part of a pre-petition investigation, and this miscellaneous case will be closed in lieu of the main case. Rule 6 of the Rules governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") begins "Leave of Court Required" regarding discovery and allows a judge to authorize discovery "for good cause" in § 2254 cases, so this Court foresees no need for the Warden to file a similar motion in 20-CV-5074. It is further

ORDERED that Piper's Motion to Strike, Doc. 12, is denied. Part of what the Warden argued was tangential to Piper's request and vitriol beyond what was necessary for zealous advocacy. Nevertheless, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). While the public's right is not absolute, "only the most compelling reasons can justify non-disclosure of judicial records." Id. (cleaned up and citation omitted). Whether judicial records should be sealed is committed to the discretion of the district court. Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.,

898 F.2d 1371, 1376 (8th Cir. 1990). Accordingly, this Court directs the Clerk of Court to unseal those documents addressed in the text order at Document 14. It is further

ORDERED that Piper's Motion for Permission to File Ex Parte Application for Expert Evaluations, Doc. 16, Piper's accompanying Ex Parte Motion, Doc. 17; the Warden's Motion for 18 U.S.C. § 3599(f) Determination, Doc. 19; and Piper's Ex Parte Supplement, Doc. 25; are all denied without prejudice to Piper refiling a Motion for Expert Evaluations (not to be filed ex parte nor under seal unless an attachment to the motion needs to be sealed) in the § 2254 case docketed as 20-CV-5074. This is a miscellaneous file started as a precursor to Piper's § 2254 case. In Piper's § 2254 case, this Court is weighing whether to decide Piper's request to grant a neurologist and psychologist access to assess Piper before setting deadlines consistent with Rule 5 of the § 2254 Rules for an Amended Petition and Statement of Exhaustion, Response, and Reply. Piper's counsel should wait to refile any motion for expert evaluation in 20-CV-5074 until this Court makes that decision. This Court is not going to permit any discovery under Rule 6 of the § 2254 Rules in this miscellaneous file and wants to have all future filings made and decisions rendered in Piper's § 2254 case of 20-CV-5074. It is finally

ORDERED that the Clerk of Court administratively close this miscellaneous case.

DATED this 7th day of April, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE